IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ALLEN ALEXANDER PARKS,   )
                               )
      Plaintiff,          )
                               )
vs.                         )        Case No. CIV-14-358-D
                               )
RONNIE NEAL; and FNU   )
FRANKLIN,              )
                               )
      Defendants.      )

## REPORT AND RECOMMENDATION

I.    **Background.**

A.    **Plaintiff's complaint.**

Proceeding pro se and pursuant to 42 U.S.C. § 1983, Allen Parks
(Plaintiff) complains of the violation of his constitutional rights during his
confinement as a pretrial detainee in the Oklahoma County Detention Center.
(OCDC). Doc. 1.[1] He alleges that Defendant Ronnie Neal, an Oklahoma County
Sheriff's Deputy, "initiated an unwarranted and illegal neck choke-hold upon
[him]" and then attempted to "cover up" his use of excessive force "via issuing
[Plaintiff] a fraudulent Misconduct Action Report" with a false "incident police
report" attached. *Id.* at 4, 3.[2] Plaintiff also names Defendant Jeffrey Franklin,

---

[1]    Citations reflect this Court's CM/ECF designation and pagination.

[2]    Plaintiff underlines various statements in his complaint, and the
undersigned omits that underscoring in this report. With that exception and
(continued...)

Defendant Neal's shift commander, and claims that Defendant Franklin denied him access to the administrative grievance process. *Id.* at 6. He contends that Defendant Franklin was immediately called to the scene of the alleged excessive force incident and heard Plaintiff's account. *Id.* at 4. Plaintiff maintains that he advised Defendant Franklin that an audio/video recording would "affirm[]" his statement and "verbally requested" that Defendant Franklin investigate Defendant Neal. *Id.* at 5. He further claims that he asked Defendant Franklin for request to staff and grievance forms and that Defendant Franklin advised that the incident was not grievable and told him the forms "'wouldn't do you any good, so don't ask me for them.'" *Id.*

Plaintiff seeks ten million dollars from each Defendant, claiming physical and mental injuries. *Id.* at 7.

United States District Judge Timothy D. De Giusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

## B. Relevant procedural history.

Defendants each filed a motion to dismiss Plaintiff's complaint. Docs. 27, 28. In his third request for an extension of time to respond to the motions,

---

[2](...continued)
unless indicated by brackets or otherwise, quotations in this report are reproduced verbatim.

Plaintiff anticipated that the court would consider matters outside of the pleadings in resolving Defendants' motion. Doc. 43, at 2. The undersigned specifically notified the parties pursuant to Fed. R. Civ. P. 12(d) "*that any matter outside the pleadings is excluded and will not be considered by the court.*" Doc. 44, at 2-3.

Plaintiff ultimately filed separate response briefs within the established date and page parameters. Docs. 52, 53. Thereafter, despite the undersigned's order advising that no matter outside the pleadings would be considered, Plaintiff submitted various supporting affidavits, Doc. 55, 56, and has filed repeated motions seeking to supplement his responses with evidentiary materials, with cover sheets for evidentiary materials, with factual allegations, and with legal arguments. Docs. 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68. At no time has Plaintiff sought leave to amend his complaint, and Defendants' motions to dismiss – excluding all matters outside the pleadings and challenging the legal sufficiency of Plaintiff's allegations – are at issue.

## II. Analysis.

### A. Defendant Neal's motion to dismiss.

Defendant Neal maintains that Plaintiff has failed to state a viable claim

for the violation of any constitutionally protected right.  Doc. 28, at 18-22.[3]

Additionally, he submits that Plaintiff has failed to state a claim for relief

against him in his official capacity, *id.* at 22-23, and that to the extent he has,

any claim for punitive damages must be dismissed, *id.* at 27-28[4]; that he is

entitled to qualified immunity, *id.* at 23-25; and that Plaintiff failed to exhaust

his administrative remedies before bringing this lawsuit.  *Id.* at 25-27.

### 1.    Standard of review.

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim for relief that is plausible on

its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

*Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th

---

[3]    In his first two propositions, Defendant Neal advances various reasons why any state law claims that Plaintiff might be attempting to bring must be dismissed.  Doc. 28, at 12-18.  Plaintiff disavows any such construction of his complaint to include state law claims, affirming that he has brought "three federal causes of action: (1). Excessive Force, (2). Issuing A False Incident/Police Report, and (3). Denial Of Access To Administrative Grievance Process: 'Request to Staff/Grievance Forms'" and that "all three causes of action bring forth violations of the First, Fourth, Eigth, and Fourteenth Amendments of the United States Constitution."  Doc. 52, at 8.

[4]    Plaintiff does not disagree.  *See* Doc. 52.

Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Brown v. Montoya,* 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted). "Once defendants have asserted a qualified-immunity defense, it is the plaintiff's burden to show, "by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits" that the right allegedly violated was clearly established at the time of the conduct at issue. *Beattie v. Smith*, 543 F. App'x 850, 855 (10th Cir. 2013) (quoting *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008)).

## 2. Excessive force claim.

Plaintiff alleges that Defendant Neal "physically committed the act of excessive force upon [him]" and that this "[o]ccurred on April 18th 2013, at the Oklahoma County Detention Center, in the 10th floor entrance of the video arraignment room and adjacent 10th floor hallway." Doc. 1, at 3. Describing the background of his case, Plaintiff states that

> [A] video arraignment for the application(s) to revoke probation cases was set, and occurred on April 18th 2013; this chain of events resulted in a subsequent physical interacting occurrance on 04/18/13, between [Plaintiff] and [Defendant] Neal during this 04/18/13 video arraignment, that was unlawfully initiated by [Defendant] Neal upon [Plaintiff]; in [Defendant] Neal's unwarranted physical excessive (completely unjustified assault and battery) force unlawful detainment of [Plaintiff][.]"

*Id.* at 2. Then, in detailing his excessive force claim, Plaintiff alleges that on April 18, 2013, while he was "in custody" at the OCDC on other charges, he had a video arraignment before Judge Hall on an application to revoke and that "upon [his] conversation ending . . . with [Judge] Hall," Defendant "Neal unlawfully initiated an unwarranted and illegal neck choke-hold upon [Plaintiff.]" *Id.* at 4. He maintains that he was "in excruciating pain" and was immediately taken to the medical unit where he was admitted as a[n] "'officer use of force'" medical incident. *Id.* He complains that "as a result of [Defendant] Neal's unwarranted excessive force detainment," he continues to suffer from

6

"[a]cute chronic bone, joint, and nerve pain, along with painful muscle spasms and cramps, in the locations of [his] neck and left rotator cuff (shoulder), as well as [his] rear shoulder blade area[.]" *Id.*

"[T]he Fourteenth Amendment governs any claim of excessive force brought by a pretrial detainee – one who has had a judicial determination of probable cause as a prerequisite to the extended restraint of his liberty following arrest." *Estate of Booker v. Gomez,* 745 F. 3d 405, 419 (10th Cir. 2014) (internal quotation marks omitted). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Conner,* 490 U.S. 386, 395 n.10 (1989) (internal quotation marks omitted).

Defendant Neal claims entitlement to qualified immunity. Accordingly, unless Plaintiff has sufficiently alleged facts that show that Defendant Neal's use of force – a neck choke-hold – was both unconstitutional and violative of clearly established law, his motion to dismiss the excessive force claim is well-taken. *See Estate of Booker*, 745 F.3d at 423.

"To determine whether a use of force is excessive under the Fourteenth Amendment [the court] consider[s] three factors: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Id.* (internal quotation marks omitted).

As to the first factor, Plaintiff fails to plead any facts showing that Defendant Neal's alleged use of a neck choke-hold was disproportional to his reason for doing so. He does not explain what, if anything, prompted Defendant Neal's action other than to state in conclusory fashion that it was "unwarranted." Doc. 1, at 4.[5] Plaintiff fails to describe the circumstances of the alleged choke-hold – how he was positioned; the duration of the choke-hold; and/or whether he was restrained, for example. *See*, *e.g.*, *Estate of Booker*, 745 F.3d at 424-25.

With regard to the extent of the injury allegedly inflicted by Defendant Neal, Plaintiff does not describe an injury per se but, instead, pleads that he has suffered "bone, joint, and nerve pain along with muscle spasms and cramps" in his neck, left shoulder, and left shoulder blade. Doc. 1, at 4. He also complains of "dysfunction" but does not elaborate. *Id*. Similarly, he generally complains that the incident "further aggravated and compounded" pre-existing anxiety and depression disorders. *Id*.

As to Defendant Neal's motive, the Tenth Circuit has "described the subjective intent standard for an excessive force due process violation as '[f]orce

---

[5]    The closest Plaintiff comes is in alleging in his second claim for relief that Defendant Neal charged Plaintiff through a misconduct report with "Failure to Obey Verbal And/Or Written Order of Staff Member In A Prompt Manner." Doc. 1, at 3.

inspired by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, or by malice rather than mere carelessness.'" *Estate of Booker*, 745 F.3d at 426 (citation omitted). Likewise, that Court has "faulted a plaintiff for 'mak[ing] no allegations of improper motives or malice,'" or any allegations permitting that inference to be drawn. *Id.* (quoting *Bella v. Chamberlain*, 24 F.3d 1251, 1258 (10th Cir. 1994)). Here, Plaintiff makes no allegations about Defendant Neal's motives and only describes his actions as being "unwarranted" and "unjustified." Doc. 1, at 2.

Even assuming that Plaintiff's allegations about the extent of his pain are sufficient to implicate excessive force, he has failed to sufficiently allege any facts bearing on proportional force or on Defendant Neal's motive and, on balance, has failed to sufficiently allege a constitutional violation.

### 3. Issuing a false incident/police report claim.

Here, Plaintiff alleges that Defendant Neal "aggravat[ed]" his "unwarranted excessive force" by attempting to cover it up by filing a "fraudulent Misconduct Action Report" with an attached "incident police report" that "was entirely False[.]" *Id.* at 3. Plaintiff claims that the disciplinary hearing officer subsequently dismissed the misconduct and justified his finding of no guilt by stating his "'Plausible Belief That The Inmate Did Leave When Instructed To Do So.'" *Id.* at 5.

9

Plaintiff does not indicate in his complaint what constitutionally protected right was allegedly violated by Defendant Neal. *Id.* In his response to the motion to dismiss, he asserts that "FALSE AFFIDAVIT SUBMISSION SUCH AS FALSE INCIDENT POLICE REPORT VIOLATES THE FOURTH AND FOURTEENTH AMENDMENTS. SUCH IS A VIOLATION OF AN INDIVIDUALS DUE PROCESS RIGHTS. ALSO CARRYING A VIOLATION OF THE FIRST AMENDMENT, WHICH PROTECTS AN INDIVIDUALS ACCESS TO THE COURTS." Doc. 52, at 15. His pleadings, however, do not implicate a due process violation but, instead, describe an institutional disciplinary process that resulted in a favorable ruling. Nor does he plead that Defendant Neal filed the misconduct report in retaliation for any attempt by Plaintiff to access the courts or to otherwise exercise his rights under the First Amendment. Rather, he pleads that Defendant Neal tried – unsuccessfully – to cover-up the alleged excessive force incident by lodging the misconduct against Plaintiff.

Plaintiff has failed to sufficiently allege a violation of his constitutional rights by Defendant Neal. In light of this determination, the undersigned does not address Defendant Neal's argument that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

**B.     Defendant Franklin's motion to dismiss.**

As did Defendant Neal, Defendant Franklin maintains that Plaintiff has failed to state a viable claim for the violation of any constitutionally protected right.  Doc. 27, at 18-28.[6]  Additionally, he submits that Plaintiff has failed to state a claim for relief against him in his official capacity, *id.* at 20-23, and that to the extent he has, any claim for punitive damages must be dismissed, *id.* at 32-33[7]; that he is entitled to qualified immunity, *id.* at 28-29; and that Plaintiff failed to exhaust his administrative remedies before bringing this lawsuit.  *Id.* at 29-33.

**1.     Standard of review.**

The standard of review applied to Defendant Neal's motion applies to Defendant Franklin's motion.  *See supra* § II.A.1.

---

[6]     As did Defendant Neal, in his first two propositions, Defendant Franklin asserts various reasons why any state law claims that Plaintiff might be attempting to bring must be dismissed.  Doc. 27, at 13-18.  Plaintiff once again disavows any such construction of his complaint to include state law claims, affirming that he has brought "three federal causes of action: (1). Excessive Force, (2). Issuing A False Incident/Police Report, and (3). Denial Of Access To Administrative Grievance Process: 'Request to Staff/Grievance Forms'" and that "all three causes of action bring forth violations of the First, Fourth, Eigth, and Fourteenth Amendments of the United States Constitution." Doc. 53, at 2.

[7]     Once again, Plaintiff does not disagree.  *See* Doc. 53.

## 2.   Denial of access to administrative grievance process.

Plaintiff alleges that Defendant Franklin, Defendant Neal's shift commander, was "called to the scene immediately after excessive force was committed[.]" Doc. 1, at 6.  Plaintiff claims that he told Defendant Franklin what had occurred and advised him that his explanation "could be affirmed through . . . the audio/video recording of the video arraignment[.]" *Id.* at 6, 5. He alleges that he asked Defendant Franklin, as Defendant Neal's shift commander, to investigate and terminate Defendant Neal. *Id.* at 5.[8]  He further claims that he asked Defendant Franklin for request to staff and grievance forms and that Defendant Franklin advised that the incident was not grievable and told him the forms "'wouldn't do you any good, so don't ask me for them.'" *Id.*

Plaintiff fails to sufficiently allege a violation of the constitution by Defendant Franklin.  "[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).  Moreover, "the state's voluntary provision of an administrative

---

[8]     Defendant Franklin construes Plaintiff's complaint to allege a claim for relief on this ground.  The undersigned does not.  Plaintiff plainly stated that his third count complains of the "Denial Of Access To Administrative Grievance Process."  Doc. 1, at 6.  In any event, Plaintiff does not claim to have suffered any prejudice arising from any lack of investigation of Defendant Neal after the alleged excessive force incident.

grievance process [does not] create a liberty interest in that process." *Id.*

Rather, "'[w]hen the claim underlying the administrative grievance involves a

constitutional right, the prisoner's right to petition the government for redress

is the right of access to the courts, which is not compromised by the prison's

refusal to entertain his grievance.'" *Id.* (quoting *Flick v. Alba*, 932 F.2d 728, 729

(8th Cir. 1991) (per curiam)).  As a result, "any alleged deprivation of the prison

grievance process here failed to implicate [Plaintiff's] right of access to the courts

. . . ." *Id.*[9]

## III.    Recommendation and notice of right to object.

For the reason that Plaintiff has failed to sufficiently allege a violation of

his constitutional rights, the undersigned recommends that Defendant Neal's

and Defendant Franklin's motions to dismiss, Docs. 28, 27, be granted.  The

undersigned further recommends that if this recommendation is adopted,

Plaintiff's motions seeking to supplement his responses with evidentiary

materials, with cover sheets for evidentiary materials, with additional factual

allegations, and with legal arguments, Docs. 57, 58, 59, 60, 61, 62, 64, 65, 66, 67,

68, be denied.

---

[9]     As with Defendant Neal, the undersigned does not address
Defendant Franklin's argument that Plaintiff failed to exhaust his
administrative remedies before filing this lawsuit.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 25, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 5th day of March, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE