# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ALLEN ALEXANDER PARKS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-14-358-D |
|  | ) |  |
| RONNIE NEAL; and FNU FRANKLIN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 69] issued on March 5, 2015, by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges a violation of his federal constitutional rights during his confinement as a pretrial detainee at the Oklahoma County Detention Center. Defendants have separately moved for dismissal of Plaintiff's claims.

The Magistrate Judge recommended granting Defendants' motions pursuant to Fed. R. Civ. P. 12(b)(6) on grounds Plaintiff has failed to allege facts sufficient to demonstrate a violation of his constitutional rights and, therefore, that Defendants are entitled to qualified immunity. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) ("In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct.") (citation omitted). The Magistrate Judge, therefore, did not reach the merits of the exhaustion defense raised by Defendants. In addition, the Magistrate Judge

recommended that multiple motions filed by Plaintiff and seeking to supplement his responses be denied. *See* [Doc. Nos. 57, 58, 59, 60, 61, 62, 64, 65, 66, 67 and 68].[1]

Plaintiff timely filed an objection [Doc. No. 70] to the Report and Recommendation. However, in wholly conclusory fashion, Plaintiff states only that he "objects to all determinations granting Neal and Franklin qualified immunity" and that he "does not waive his right to appeal . . . ."

Rule 72 of the Federal Rules of Civil Procedure provides that when a magistrate judge issues a ruling on a dispositive pretrial motion, a party has fourteen days after service to "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As to any part of the magistrate judge's disposition that has been "properly objected to," the district judge must make a *de novo* determination of the issues. Fed. R. Civ. P. 72(b)(3). A failure to file a specific objection to the magistrate judge's report and recommendation constitutes a waiver of appellate review. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir, 1996).

Plaintiff has failed to comply with the specific objection requirement of Rule 72. As Tenth Circuit precedent makes clear, objections to the magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute. *Id*. (*citing Lockert v. Faulkner*, 843 F.2d 1015, 1019) (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")). Plaintiff's objection does not provide this Court with any meaningful notice of the particular factual or legal

---

[1]The Magistrate Judge advised the parties that matters outside the pleadings would not be considered in resolving Defendants' motions. *See* Report and Recommendation at p. 3 *citing* Doc. No. 44, at 2-3. The Magistrate Judge noted in her Report and Recommendation that "[a]t no time has Plaintiff sought leave to amend his complaint . . . ." *See id.*

2

errors he claims the magistrate judge committed in granting dismissal on qualified immunity grounds. His catch-all statement that he objects to "all determinations granting Neal and Franklin qualified immunity" is insufficient. By failing to make a specific objection to the Report and Recommendation, Plaintiff waived further review of the magistrate judge's findings and conclusions.

Further, the Court finds the interests of justice do not require that Plaintiff be excused from the waiver rule. The Magistrate Judge thoroughly addressed the grounds upon which she based her conclusion that Defendants are entitled to qualified immunity. Additionally, the Magistrate Judge advised the parties of their right to object to the Report and Recommendation and that a failure to do so waives the right to appellate review of the factual and legal issues contained therein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 69] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Defendants' motions to dismiss [Doc. Nos. 27, 28] are GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, based on qualified immunity.

IT IS FURTHER ORDERED that Plaintiff's pending motions requesting supplementation [Doc. Nos. 57, 58, 59, 60, 61, 62, 64, 65, 66, 67 and 68] are DENIED.

A separate judgment of dismissal will be entered.

**IT IS SO ORDERED** this  23rd  day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE